# **EXHIBIT "A"**

IN THE COURT OF COMMON PLEAS
SCHUYLKILL COUNTY, PENNSYLVANIA CIVIL ACTION – LAW

| | | |
|---|---|---|
| TRACI TRENTROMONO, and her husband MICHAEL TENTROMONO, Plaintiffs | : | No. S – 1857 – 2023 |
| vs. | : : : | |
| AMC THEATRES INC., *et al*, Defendants | : | JURY TRIAL DEMANDED |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiffs. You may lose money or property or other rights important to you. **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

PENNSYLVANIA BAR ASSOCIATION LAWYER
LAWYER REFERRAL SERVICES
100 South Street, P.O. Box 166
Harrisburg, PA 17108
Phone: 1-800-692-7375

## NOTICE CONCERNING MEDICATION OF ACTIONS PENDING BEFORE THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY

The Judges of the Court of Common Pleas of Schuylkill County believe that mediation of lawsuits is very important component of dispute resolution. Virtually all lawsuits can benefit in some manner from mediation.

The Court has adopted Schuylkill County Local Rule 1001 to encourage the use of mediation. This early alert enables litigants to determine the best time during the life of their lawsuit for a mediation session. The intent of this early alert is to help the parties act upon the requirement to consider good faith mediation at the optimal time.

The Schuylkill County Bar Association provides mediation services and can be reached at 570/628.1235. *Free mediation sessions for pro bono cases referred by MidPenn Legal Services are available through the Schuylkill County Bar Association.*

Respectfully submitted,

ANTHONY URBAN LAW OFFICES, P.C.

BY: _____
**Anthony James Urban, Esquire**
Attorney for Plaintiff

ANTHONY URBAN LAW OFFICES, P.C.
BY: ANTHONY JAMES URBAN, ESQUIRE (#73249)
474 North Centre Street, Third Floor, P.O. Box 890
Pottsville, Pennsylvania 17901-0890
Phone (570)622-1247 Fax (570)622-4255

Attorney for the Plaintiffs

IN THE COURT OF COMMON PLEAS
SCHUYLKILL COUNTY, PENNSYLVANIA CIVIL ACTION – LAW

| | | |
|---|---|---|
| TRACI TRENTROMONO, and her husband MICHAEL TENTROMONO, Plaintiffs vs. AMC THEATRES INC., et al, Defendants | : : : : : : : : | No. S – 1857 – 2023 JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW COMES, the Plaintiffs, Traci Tentromono and her husband, Michael Tentromono, who by and through their attorneys, the Law Offices of Anthony Urban, P.C., complain of the Defendants as follows:

### AS TO ALL COUNTS

1. The Plaintiffs, Traci Tentromono and Michael Tentromono, are adult married individuals residing at 127 South Pearl Street, Shamokin, Pennsylvania 17872.

2. The Defendants, American Multi-Cinema, Inc. (a/k/a American Multi Cinema, Inc.) and AMC Entertainment Holdings, Inc., d/b/a AMC Theatres, AMC Theatres, Inc, AMC CLASSIC Selinsgrove 12, AMC CLASSIC Theatre #4419, AMC Cinemas & AMC Multi-Cinemas, are corporations duly organized and existing under the laws of the State of Kansas maintaining a registered address at 11500 Ash Street, Leawood, KS 66211.

3. The Defendants own, possess, lease, maintain and operate AMC CLASSIC Selinsgrove 12 a/k/a AMC Classic Selinsgrove Theatre #4419, a movie theater cineplex with 3D and jumbo digital screens showing first-run films, opera productions and sporting events, which maintains

a principal place of business located at 1 Susquehanna Valley Mall, Selinsgrove, PA 17870.

4. At all material times mentioned herein, the Defendants were in sole and exclusive possession, custody, management, maintenance and/or control of the AMC CLASSIC Selinsgrove 12 movie theater, at 1 Susquehanna Valley Mall, Selinsgrove, PA 17870, individually, and by and through its employees, agents, ostensible agents, servants, and workers who were acting within the course and scope of their authority and employment by and with Defendants, and who were engaged in the furtherance of said Defendant's business.

5. At all material times mentioned herein, the Defendants had under its care, supervision, control, and maintenance and/or was responsible for the safe operation of its theaters, including Theater #10, at the Defendant's AMC CLASSIC Selinsgrove 12 movie cineplex at 1 Susquehanna Valley Mall, Selinsgrove, PA 17870.

6. On October 16, 2021, at or about 5:15 P.M., the Plaintiff, Traci Tentromono, as a business invitee, along with four (4) other family members, presented to and entered the Defendant's AMC CLASSIC Selinsgrove 12 movie cineplex at 1 Susquehanna Valley Mall, Selinsgrove, PA 17870, and she purchased five (5) movie tickets for her and family to see the feature "Halloween Kills", believed to be in Theater #10, which was scheduled to begin at 5:35 P.M.

7. While the Plaintiff and her family arrived approximately 15 to 20 minutes early for the 5:35 P.M. showing of "Halloween Kills", when they entered the theater before the movie was expected to begin it was already dark inside the theater prior to the start of the movie; however, nothing was playing on the movie screen.

8. As Plaintiff walked up an ascending ramp from the entrance of the theater, she turned to the right believing that the ramp would continue; however, as she turned, she tripped on a stair which was obscured by the darkness and which could not be appreciated by the scant lighting available,

and she fell and was propelled heavily to the ground fracturing her right foot and injuring her body as set forth further herein.

9. The only artificial lighting in the area where Plaintiff fell was/were small lights under the banister rail which did not adequately illuminate the area where the ramp ended and the stairs began, and the variation in the elevation of the walkway where the stairs began was obscured in the darkness, all of which constituted an unreasonable trip hazard.

10. Defendant knew or should have known of the existence of the trip hazard defect and/or irregularity in the elevation of the ramp walkway where the stairs began which was not adequately lighted, and Defendant was obligated to remedy and eliminate the trip hazard or to warn Plaintiff of its existence.

11. Plaintiff's above-described incident was not the first incident which occurred at Defendant's facility under similar circumstances, and, therefore, Defendants were on notice of the dangerous and defective trip hazard which was present in their theaters.

12. Specifically, Defendants were notified of an injury to a patron who fell on January 12, 2020, when he similarly tripped on an obscured step in Defendant's, AMC CLASSIC Selingsgrove #12 cineplex which the patron alleged was inadequately illuminated.

13. The dangerous and defective trip hazard that was not adequately illuminated was created and/or caused to be created and/or permitted to remain by Defendants, by and through its employees, agents, servants, and workers who were acting within the course and scope of their employment by and with the Defendants, and who were engaged in the furtherance of said Defendants' business causing Plaintiff, Traci Tentromono, to sustain serious injuries to her right ankle and foot, as well as to her hands and knees when she fell.

14. Defendants have the duty to keep and maintain its premises in a reasonably safe

condition for the use of its patrons and business invitees.

15. Defendants have the duty not to create or to allow to exist a dangerous or defective condition in dimly lit conditions, and/or, if such a condition exists, to routinely inspect and eliminate the condition, and to give notice or warning to invitees who use the premises, like the Plaintiff.

## COUNT I

Traci Tentromono,
Plaintiff
v.
Defendants

### (Negligence and Negligence Per Se)

16. Paragraphs 1 through 15 are specifically incorporated herein by reference with the same force and effect as though each were fully set forth at length.

17. The above-described incident and the Plaintiff's resulting injuries were caused proximately, exclusively and solely by the negligence, carelessness, and recklessness of the Defendants, individually, jointly and severally, which consisted of the following:

(a) In designing, constructing, causing to be constructed and/or allowing to remain an intended pathway for patrons with a trip hazard between the ramp and the start of stairs where it posed an unreasonable risk of injury to Plaintiff and other business visitors;

(b) In designing, constructing, causing to be constructed and/or allowing to remain an intended pathway for patrons with a trip hazard which violated the applicable design and construction standards at common law and/or as would be designed and constructed by a reasonable ordinary person, and/or which violate the applicable design and construction standards pursuant to the Uniform Construction

Code (UCC) and BOCA Codes;

(c) In designing, constructing, causing to be constructed and/or allowing to remain an intended pathway for patrons with a trip hazard at stairs which is unreasonably dangerous;

(d) In failing to properly and adequately illuminate the intended pathway for patrons with a trip hazard, especially in the area where the ramp transitions to the stairs;

(e) In failing to illuminate and/or warn the patrons of the change of elevation between the ramp and the stairs.

(f) In allowing, permitting or otherwise encouraging the theater to be too dark to see the intended pathway for patrons entering the theater;

(g) In allowing and otherwise permitting the theater to being too dark so potential hazards cannot be avoided by patrons especially in the area where the ramp transitions to the stairs;

(h) Allowing a dimly lit environment to exist which makes it difficult for patrons to see potential hazards;

(i) In failing to station an usher at the trip hazard to safely direct patrons and to warn of the trip hazard;

(j) In failing to eliminate and/or erect barriers and or barricades to prevent invitees and patrons from using any area that was not safe to transgress in dimly lit circumstances;

(k) In failing to make a reasonable inspection of the intended walkway, especially in the area where the ramp transitions to the stairs;

(l) In failing to warn and/or in failing to give warning of the defect and dangerous condition to prevent injury to the Plaintiff and other business visitors;

(m) In failing to provide a safe alternate path for the Plaintiff to follow and avoid the dangerous area;

(n) In failing to routinely inspect, supervise and maintain the theater;

(o) In failing to adequately and properly screen, hire and train employees responsible for the maintenance of the above-described area of the theater in question;

(p) In failing to adequately and properly screen, hire and train employees responsible for the provision of adequate artificial lighting on the Premises, especially in the above-described area of the theater in question; and,

(q) In otherwise increasing the risk of a trip-and-fall accident, and in otherwise being negligent, careless and reckless.

18. At all times material hereto, Plaintiff acted lawfully, prudently, reasonably and with due care under the circumstances and was not contributorily negligent.

19. As a sole, direct, and proximate result of the above-described incident due to the Defendants' negligence, the Plaintiff, Traci Tentromono, was caused to suffer the following extensive injuries, the repercussions of which will likely be permanent: right foot/ankle fracture, fracture of the fifth metatarsal bone in her right foot.

20. As a direct, sole and proximate result of the above-described incident and injuries due to the Defendants' negligence, the Plaintiff, Traci Tentromono, was required to undergo medical treatment and may be required to undergo future surgery and future physical and manipulative therapy

which may require medical, surgical and hospital care for the treatment and cure of the injuries sustained by her in the aforesaid incident.

21. As a direct, sole and proximate result of the above-described incident and injuries due to the Defendants' negligence, the Plaintiff, Traci Tentromono, has been compelled to expend large sums for medical bills and expenses to date to care for and treat Plaintiff of such injuries, and Plaintiff may be compelled in the future to expend further large sums of money for care and treatment.

22. As a direct, sole and proximate result of the above-described incident and injuries due to the Defendants' negligence, the Plaintiff, Traci Tentromono, has suffered, now suffers, and for all times in the future, will be required to endure great bodily pain and suffering, as well as mental anguish, anxiety, and nervousness, to her great detriment and loss.

23. As a direct, sole and proximate result of the above-described incident due to the Defendants' negligence, the Plaintiff's, Traci Tentromono, health, well-being, and general welfare was, is and shall be in jeopardy and shall continue in the future to cause her to endure great pain, agony, mental anguish and discomfort, which does and shall affect her eating, sleeping, routine habits, and social activities. Said injuries are permanent, embarrassing, humiliating, and disfiguring.

24. As a direct, sole, and proximate result of the above-described incident due to the Defendants' negligence, the Plaintiff, Traci Tentromono, has or may have in the future earnings losses and/or partial disability and consequent impairment.

25. As a sole, direct, and proximate result of the above-described incident due to the Defendants' negligence, the Plaintiff, Traci Tentromono, has suffered an interruption of her daily habits, joys and pursuits to her great and permanent detriment and loss.

*WHEREFORE*, the Plaintiffs, Traci Tentromono and Michael Tentromono, demands damages against the Defendants, and each of them, in a sum in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs, and attorneys fees.

## COUNT II

Michael Tentromono,
Plaintiff
v.
Defendants

### (Loss of Consortium)

26. Paragraphs 1 through 25 are specifically incorporated herein by reference with the same force and effect as though each were fully set forth at length.

27. As the direct, sole and proximate result of the Defendant's negligence, carelessness and recklessness, the Plaintiff, Michael Tentromono, has been deprived of the aide society, comfort and consortium of his wife and will continue to be deprived of elements of the same into the indefinite future.

*WHEREFORE*, the Plaintiffs, Traci Tentromono and Michael Tentromono, respectfully requests this Honorable Court to enter judgment for damages against the Defendants, for a sum in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs of this suit and other relief as this court seems proper and just.

Respectfully submitted:

BY: ANTHONY URBAN LAW OFFICES, P.C.

_____
Anthony James Urban, Esquire

## VERIFICATION

I/we, TRACI TRENTROMONO and MICHAEL TENTROMONO do hereby depose and say that the facts contained in the foregoing document are true and correct to the best of my/our knowledge, information and belief. I/we make this statement subject to the penalties of 18 Pa. R.C.P. §4904, relating to unsworn falsification to authorities.

_____
TRACI TRENTROMONO

_____
MICHAEL TRENTROMONO

ANTHONY URBAN LAW OFFICES, P.C.
BY: ANTHONY JAMES URBAN, ESQUIRE (#73249)
474 North Centre Street, Third Floor, P.O. Box 890
Pottsville, Pennsylvania 17901-0890
Phone (570)622-1247 Fax (570)622-4255

Attorney for the Plaintiffs

IN THE COURT OF COMMON PLEAS
SCHUYLKILL COUNTY, PENNSYLVANIA CIVIL ACTION – LAW

| | |
|---|---|
| TRACI TRENTROMONO, and her husband MICHAEL TENTROMONO, Plaintiffs vs. AMC THEATRES INC., *et al*, Defendants | No. S – 1857 – 2023 <br><br> JURY TRIAL DEMANDED |

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filling confidential information and documents differently than non-confidential information and documents.

Respectfully submitted,

**ANTHONY URBAN LAW OFFICES, P.C.**

By: _____
Anthony James Urban, Esquire
Attorney for Plaintiffs

ANTHONY URBAN LAW OFFICES, P.C.
BY: ANTHONY JAMES URBAN, ESQUIRE (#73249)
474 North Centre Street, Third Floor, P.O. Box 890
Pottsville, Pennsylvania 17901-0890
Phone (570)622-1247 Fax (570)622-4255

Attorney for the Plaintiffs

IN THE COURT OF COMMON PLEAS
SCHUYLKILL COUNTY, PENNSYLVANIA CIVIL ACTION – LAW

| | |
|---|---|
| TRACI TRENTROMONO, and her husband MICHAEL TENTROMONO, <br> Plaintiffs <br> vs. <br><br> AMC THEATRES INC., *et al*, <br> Defendants | No. S – 1857 – 2023 <br><br><br><br><br> JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Anthony James Urban, Esquire, hereby certify that I have served a true and correct copy of Plaintiffs' Complaint on the date below to the following persons listed below:

KENNEDYS CMK LLP
**Matthew P. Strauskulage, Esquire**
1600 Market Street
Suite 1410
Philadelphia, PA 19103

Respectfully submitted:

BY: ANTHONY URBAN LAW OFFICES, P.C.

22 Nov. 2023
Date

Anthony James Urban, Esquire